# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA ENCARNACION REYES, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3680-SRD-SS** |
| **COOPER TIRE AND RUBBER CO.** | |

## ORDER

DEFENDANT'S MOTION FOR RECONSIDERATION (Rec. doc. 69)

**DENIED**

On May 29, 2009, Maria Encarnacion Reyes Murillo ("Murillo"), the natural mother of Edwin Edgardo Vihil Reyes ("Reyes"), and Mabiola Elizabeth Vincente Lopez ("Lopez"), the wife of Carlos Efrain Loarca Hernandez ("Hernandez"), filed a complaint against Cooper Tire and Rubber Co. ("Cooper"). Reyes and Hernandez were killed in an automobile accident. The plaintiffs allege that the accident was caused by tread separation. Cooper denies the allegations. The discovery deadline is July 26, 2010. The pretrial conference is set for August 26, 2010. The trial is set for September 13, 2010. Rec. doc. 29. Murillo lives in Honduras, and Lopez lives in Guatemala.

Cooper filed a motion for reconsideration of the court's May 7, 2010 order (Rec. doc. 65) regarding depositions of the plaintiffs and other family members. Cooper wishes to have the depositions take place in New Orleans. Rec. doc. 69. The plaintiffs contend that their depositions should be taken either by telephone or in Honduras and Guatemala because: (1) the Federal Rules of Civil Procedure do not require that depositions of parties be taken in the forum where the lawsuit was filed; (2) holding the depositions in New Orleans would create undue financial burdens on the

plaintiffs; (3) the plaintiffs cannot come to the United States because they do not have visas at this time; and (4) Cooper was granted adequate relief in the court's May 7, 2010 order (Rec. doc. 65) to depose the parties by telephone and in-person the week prior to trial. Rec. doc. 71.

The general rule is that the place of examination for deposition is to be determined by the examining party. 8A Wright, Miller and Marcus, Federal Practice and Procedure §2112 at 527-28 (3rd ed. 2010). Ordinarily, that will be the district in which the suit was brought. *Id.* at 527. Because the plaintiff chooses the forum, any complaints by the plaintiffs regarding the location of examination are generally dismissed. *Id.* at 527-528. However, the court may, for good cause, issue an order to protect a party or person from undue burden or expense, including specifying terms, such as time and place, for discovery. FRCP 26(c)(1)(B).

The plaintiffs have presented evidence here of special circumstances to warrant the court's specification of discovery terms. Although the plaintiffs chose to file suit in the United States, they lacked an alternative forum in which to bring the suit. Therefore, any burdens on them must be carefully considered. The plaintiffs have shown by affidavit that they are incapable of traveling to the United States prior to July 26, 2010 because of personal and financial restraints. Should they be required to make the trips, they would be unnecessarily and irreparably financially burdened. Additionally, the plaintiffs do not yet have visas and cannot control whether the visas will be available prior to July 26, 2010. Furthermore, the plaintiffs cannot offer any substantive testimony on Cooper's liability. Instead, most of the plaintiffs' testimony will relate to the issue of damages. These matters can be adequately explored via telephone depositions.

Because of the special circumstances presented by plaintiffs, telephone depositions prior to the July 26, 2010 discovery deadline, followed by depositions in-person the week preceding trial, are sufficient.

IT IS ORDERED that Cooper's motion for reconsideration (Rec. doc. 69) is DENIED.

New Orleans, Louisiana, this 20th day of May, 2010.

                                                    **SALLY SHUSHAN**
                                        **United States Magistrate Judge**