# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA ENCARNACION REYES, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3680-SRD-SS** |
| **COOPER TIRE AND RUBBER CO.** | |

## ORDER

DEFENDANT'S MOTION FOR EXPEDITED CONSIDERATION (Rec. doc. 90)

 **GRANTED**

DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 88)

 **DENIED**

On June 8, 2010, there was a telephone status conference before the District Judge. The minute entry states that:

> This status conference was called, in part, to remind the parties that the **jury trial** in this matter is set for **September 13, 2010**, that this Court considers this date a contract that it intends to enforce, and that the date would not be continued without good cause shown.

Rec. doc. 83 (emphasis in original). The pretrial conference is set for August 26, 2010. The scheduling order also provides that: (1) all discovery shall be completed not later than July 26, 2010; (2) written reports of experts for the plaintiffs were due on May 26, 2010; (3) written reports of experts for Cooper are due on June 28, 2010; and (4) witness and exhibit lists must be filed on June 28, 2010. Rec. doc. 29.

On May 21, 2010, the plaintiffs, Maria Encarnacion Reyes Murillo ("Murillo"), the natural mother of Edwin Edgardo Vihil Reyes ("Reyes"), and Mabiola Elizabeth Vincente Lopez

("Lopez"), the wife of Carlos Efrain Loarca Hernandez ("Hernandez"), filed a motion to compel further responses to written discovery from the defendant, Cooper Tire and Rubber Company ("Cooper"). The memorandum in support of the motion is 31 pages. The plaintiffs appended 12 exhibits. The total filing is 260 pages. Rec. doc. 76. On June 9, 2010, Cooper filed its opposition, including a 46 page memorandum and 9 exhibits for a total filing of 236 page. Rec. doc. 85. The plaintiffs filed a 13 page reply. Rec. doc. 87. Cooper filed a 5 page sur-reply. Rec. doc. 93. The motion was set for submission on June 16, 2010.

**One** issue raised by the parties in the motion to compel concerns the scope of discovery permitted under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51.

In March, 2010, the plaintiffs reported to Cooper their intention to depose former employees of Cooper in Texarkana. On April 26, 2010, the plaintiffs requested dates for these depositions in May. Rec. doc. 88 (Exhibit A). On May 4, 2010, Cooper reported its opposition to the depositions of the former employees. Rec. doc. 88 (Exhibit B). On June 7, 2010, the plaintiffs served video deposition notices for three persons on Thursday, June 24, 2010, in Texarkana. The depositions were noticed for 9:00 a.m., 1:00 p.m., and 3:00 p.m. It appears that counsel for plaintiffs anticipates that each deposition will take between one and two hours. The tire at issue was manufactured at a Cooper factory in Texarkana.

On June 15, 2010, Cooper filed a motion for protective order and to quash the subpoenas for the three persons for the June 24, 2010 depositions. Rec. doc. 88. Its request for expedited consideration of this motion is granted.

Cooper argues that the depositions should be quashed because: (1) the information sought to be obtained from these former employees is an issue in plaintiffs' motion to compel discovery;

(2) Cooper was forced to seek relief because plaintiffs would not wait on a ruling on the motion to compel; (3) under the LPLA the discovery from the former employees is not relevant to the parties' claims and defenses; (4) the burden of proceeding with the discovery outweighs its benefit; and (5) there is no need for the discovery after plaintiffs submitted a report from their expert.

In their motion to compel, the plaintiffs sought an order requiring Cooper to provide dates for depositions of former employees. Rec. doc. 76 at 29. The plaintiffs describe them as "building tires during the week the subject tire was manufactured." Id. A ruling on plaintiffs' motion to compel may not be issued prior to June 24, 2010. Because of the limited time remaining for the completion of discovery, Cooper's motion for a protective order and to quash the notices for June 24, 2010 will be denied. The burden of proceeding with the depositions on June 24, 2010 is not sufficient to justify the relief sought by Cooper. This ruling is without prejudice to the issues raised in the plaintiff's motion to compel.

IT IS ORDERED that: (1) Cooper's motion for expedited consideration (Rec. doc. 90) is GRANTED; and (2) its motion for protective order and to quash subpoenas (Rec. doc. 88) is DENIED.

New Orleans, Louisiana, this 16th day of June, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**